## Chipman v. Flege.

(Decided June 17, 1924.)

### Appeal from Grant Circuit Court.

1.  Appeal and Error—Presumed that Lost Instructions Presented Whole Law of Case.—Where instructions given by court are not copied in record, but are lost, it must be presumed that they presented whole law of case, unless appellant was entitled to a peremptory instruction.

2.  Contracts—Undertakings to Convey Land Held Mutual and Correlative.—Undertakings in contract for exchange of properties held mutual, co-ordinate, and correlative, and when either within reasonable time tendered and offered to perform his part of contract, it became duty of other to carry out his part, and failure to do so was breach for which recovery of damages was available.

3.  Evidence—Witnesses Held Competent to Testify as to Value of Farm.—Witnesses who had visited farm in Texas and had witnessed sales of land in same vicinity, and stated in substance that they were acquainted in general way with values of land in that part of Texas, were competent to testify as to value of farm.

DE JARNETTE & HARRISON for appellant,

DICKERSON & HOGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee Flege and appellant Chipman on December 1, 1920, entered into the following agreement:

"This contract made and entered into this 1st day of December, 1920, by and between Sam Chipman, of Grant county, Kentucky, and J. Blaine Flege, of the county and state aforesaid.

"Witnesseth: That whereas Chipman being the owner of 40 acres of land in Hidalgo county, Texas, being Farm Tract No. 2413 of the North Capisallo District Subdivision of the Llano Grande grant of land having purchased same from Stewart Mortgage Company of Kansas City, Missouri; and

"Whereas, Flege being the joint owner of a brick building lot on north Main street, Williamstown, Kentucky, known as the Thompson Building, and he having made an agreement with the joint owner, to-wit: T. W. Stewart, whereby they will both convey same jointly to the said Chipman; and,

"Whereas, the said Chipman owes on the aforesaid land in Texas the sum of $6,400.00 due and payable in ten equal annual payments, with 6% interest from date; and premises known as the Thompson Building, and both Chipman's notes and Flege's notes are secured by liens on the respective property.

"Now, therefore, it is agreed that provided the Stewart Farm Mortgage Company of Kansas City, Missouri, is willing that Flege shall assume the payment of the vendor's lien notes of $6,400.00 and that Chipman shall be released from all obligations thereon; that said Chipman will trade the aforesaid described property in Texas for the property owned by Flege and Stewart, known as the Thompson Building, and each party is to assume the debts owing on each property, and is to assume all taxes owing on the property to date and all interest accrued on the lien notes.

"In witness whereof, the parties hereunto set their hands this 1st day of December, 1920."

At that time Chipman owned a 40-acre tract of land in the state of Texas on which there was a purchase money lien of $6,400.00, and appellee owned a brick building and lot in Williamstown, Kentucky, on which there

was a lien for $7,000.00. The Stewart Farm Mortgage Company of Kansas City, Missouri, was a holder of the lien on the Chipman lands in Texas, it having sold the same to Chipman and received a part of the purchase price and took notes from Chipman for the balance, $6,400.00. After the making of the agreement appellee Furgeson alleges that he was ready, able and willing to perform his part of the contract and offered to do so on several different occasions and demanded of appellant Chipman that he carry out his part of the contract, but he failed to do so; that the farm in Texas was worth at least $12,800.00 while the house and lot in Williamstown, Ky., were worth only $8,000.00, and that by reason of the failure of appellant Chipman to carry out the contract Furgerson was damaged in the sum of $4,800.00, and he prayed for judgment in damages to that extent. A general demurrer was filed to the petition and overruled by the court. Thereupon Chipman, then defendant, filed an answer in which he controverted the material averments of the petition and alleged that he was under no obligations to comply with said contract until the Stewart Farm Mortgage Company released him from the payment of notes amounting to $6,400.00 which he signed and delivered to said company and that said company was still the holder of the notes and he has never been released from his obligation to pay the notes to the company. He further averred that he made repeated requests of the company to be released from the notes but that this has not been done.

No reply was filed but there is no question made about this failure.

A trial resulted in a verdict in favor of appellee Furgerson for $750.00, upon which judgment was entered and from which this appeal is prosecuted. The instructions given by the court are not copied in the record. They are lost, as shown by the bill of exceptions: We must presume therefore that they presented the whole law of the case unless appellant was entitled to a peremptory instruction in his favor, as he now contends.

Appellant relies upon three grounds for a reversal of the judgment: (1) General demurrer to petition should have been sustained; (2) his motion for peremptory instruction should have been sustained, and (3) error in the admission and rejection of evidence.

The sufficiency of the petition depends in large part upon the construction placed upon the written contract

between the parties. After reciting the facts the agreement, in substance, says that if the Stewart Mortgage Farm Company of Kansas City, Missouri, will consent to appellee Furgerson assuming the payment of the lien notes due it to the amount of $6,400.00 and consent that Chipman shall be released from all obligations thereon, then Chipman and Furgerson will exchange the properties named in the contract, each assuming the indebtedness due upon the property received by him and relieving the other of such indebtedness. The foregoing paragraph of the contract is but a reciprocal agreement whereby each undertook in consideration of the other conveying certain property to him and assuming lien obligation, to convey to the other certain property upon his assuming certain lien obligations, neither to be bound to act before the other. The contract did not make it a condition precedent that Furgerson should convey his property to Chipman and obtain the cancellation of the Chipman notes to the Stewart Farm Mortgage Company of Kansas City but only required Furgerson to be ready, able and willing to convey his house and lot in Williamstown to Chipman at the time Chipman was ready, able and willing to convey his Texas lands to Flege. Their undertakings were mutual, co-ordinate and correlative, one depending upon the other, and when either within a reasonable time tendered and offered to perform his part of the contract, it became the duty of the other to carry out his part of the contract, and a failure to do so was a breach of the contract for which a recovery of damages was available. The contract was set out in the petition; the ability, willingness and readiness of Furgerson to carry out his part of the contract was averred, and the failure of appellant Chipman to perform his part of the contract was set out in detail. The value of the land was alleged as was also that of the house and lot, showing the difference in value and the advantage which appellee obtained by reason of the contract had it been performed. That the Stewart Farm Mortgage Company consented and was willing that Furgerson assume the purchase money lien notes for which appellant Chipman was then liable. The petition stated a cause of action in favor of appellee Furgerson against appellant Chipman and the general demurrer was properly overruled.

We do not think that appellant was entitled to a directed verdict in his favor for a breach of the contract was not only sufficiently alleged but the averments were

sustained by proof. On January 3, 1920, the Stewart Farm Mortgage Company in answer to the inquiry of appellant Chipman wrote him: "In reply to your inquiry of December 1st, I wish to advise you that you have the privilege of deeding your Hidalgo lands to anyone who might wish to purchase it from you, on the condition that they assume payment of the vendor's lien notes now held by us against the land in the amount of $6,400.00 and the interest thereon."

This letter recognized the right of appellant Chipman to sell and convey his lands in Texas to anyone who would assume payment of the lien notes. This was all that was necessary in order to enable appellant and appellee to carry out their contract which is the subject of this litigation. The purchaser of the Texas lands was, of course, required to assume the lien notes given by appellant Chipman to the land company but there is no statement or intimation in the letter, or any part of the record before us, indicating that appellant Chipman would not be fully discharged from obligation on the notes when assumed by another. The lands cost Chipman $12,800.00, and he paid thereon all but $6,400.00. This latter sum was secured by the lien upon the entire tract and it did not matter to the land company, we may assume, who undertook payment of the lien notes as the land was doubly sufficient to secure the payment of the notes.

It is next insisted that the court erred in the admission of evidence for the plaintiff Flege. This evidence relates to the value of the Texas land at the time of the trade in 1920. Three witnesses, Chas. Oder, Chas. Flege and Fred Flege, all testified concerning its value. Each of them had visited the farm in Texas and had witnessed sales of land in the same vicinity. They stated in substance that they were acquainted in a general way with the values of lands in that part of Texas, and the price at which it was selling about the time of the making of the contract between appellant and appellee, and that such Texas lands were worth about $325.00 per acre. We think the witnesses qualified and the court did not err in allowing them to state the value of the land in question in the year 1920.

Finding no error to the prejudice of the rights of appellant the judgment is affirmed.

Judgment affirmed.